IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLEN LEE LANGLEY and
ALLEN LEE LANGLEY and BARBARA J.
LANGLEY as parents and next friends of
BRANDEN L. LANGLEY, a minor,

        Plaintiffs,

vs.                                                                                                 Civ. No. 97-660 WWD/LFG

MAYTAG CORPORATION, a foreign
corporation,

        Defendant.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Plaintiff Langleys' Motion to Strike Defendant Maytag's Expert Witnesses For Failure to Comply with Rule 26 Deadlines [docket no. 36] filed April 1, 1998.  Plaintiffs point out that in spite of getting extensions of time, Defendant Maytag failed in numerous respects to make timely disclosure of information required by Rule 26 with respect to their experts, Dr. Douglas Smoot and Mr. Walter Rothfuss.  Defendant admits that it was deficient in its reports and disclosure; however, it argues that striking their experts is a "drastic sanction."  In their reply, Plaintiffs detail the problems created by Defendant's failure to make the timely disclosures required by Rule 26.  The summary of the parties' positions set out above hardly does justice to the 2 lbs. 5 oz. of submissions made in connection with the instant motion.

1

I do find that striking the experts under the circumstances set out by the parties is too drastic a step for the circumstances; nevertheless, certain remedial measures are necessary. On the basis of representations made by counsel in their respective pleadings, I find that Plaintiffs' counsel can reasonably expect to spend an additional 16 hours in the preparation of this case by reason of Defendant's deficiencies in discovery pertaining to experts. Additionally, in view of the fact that the experts apparently are continuing to investigate questions involving this products liability case, I find that Plaintiffs should be allowed to conduct half-day depositions of each of the experts at Defendant's expense.

Defense counsel has indicated that any sanctions imposed should be imposed against him directly and not against his client. In following this request, I do not mean to preclude Defendant's counsel from charging his client for any portion of the sanctions I impose which, in counsel's opinion, should be paid by his client.

**WHEREFORE,**

**IT IS ORDERED** that on or before <u>April 30, 1998</u>, R. Galen Reimer, Esq., shall pay to Plaintiffs' counsel as additional attorney fees necessitated by the failure to comply with the provisions of Fed. R. Civ. P. 26, the sum of Two Thousand Four Hundred Dollars ($2,400.00).

**IT IS FURTHER ORDERED** that supplemental depositions of Dr. Douglas Smoot and Mr. Walter Rothfuss may be taken upon reasonable notice by Plaintiffs' counsel with the expenses of appearance and of the depositions being paid by Defendant or Defendant's counsel.

_____
UNITED STATES MAGISTRATE JUDGE