# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALLEN LEE LANGLEY, et al.,

    Plaintiffs,

vs.                                                                                           Civil No. 97-660 WWD/LFG

MAYTAG CORPORATION,
a foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion for Summary Judgment Based Upon Insufficient Proof of Defect and Causation, filed October 9, 1998 [#62-1]. Plaintiffs allege that they suffered personal injuries resulting from explosions and a fire caused by a defect in a Maytag chest freezer. Langley and his then ten-year old son were working outside their home when they heard what they believed was an explosion that broke a kitchen window. Plaintiffs claim that they were burned by a ball of fire that ignited after they had reentered the residence to investigate the source of the first explosion.

Maytag contends that Harris' opinion is not supported by scientific evidence that would permit a reasonable fact-finder to find for Plaintiffs on the issue of whether there was a defect in the freezer and whether that defect caused the fire at the Langley residence. Plaintiffs' theory of the accident rests on a defective "overtemperature cutoff switch" which normally keeps the compressor from overheating, but which in this case malfunctioned by not activating until the temperature of the coolant was higher than normal. The overheating allegedly caused the polyurethane foam which insulates the freezer to decompose and give off combustible gases and

ignite, resulting in the explosions and fire. Defendant maintains that the overtemperature switch was operating at a safe level, or possibly at a temperature slightly higher than its design specifications. It argues that the explosions and fire was caused not by the freezer, but by an external source, such as a bottle containing a flammable or combustible liquid.

In making a determination on a motion for summary judgment, a court does not weigh the evidence, but rather asks whether a reasonable jury could return a verdict for the nonmoving party, in this case the Plaintiffs, on the undisputed material evidence before the court. Dreiling v. Peugot Motors of America, Inc., 850 F.2d 1373, 1377 (10th Cir. 1988). Further, the court must consider all the evidence in the light most favorable to the nonmoving party. Id. I have reviewed the parties' submissions, along with supporting affidavits of the parties' experts, and conclude that resolution of the Plaintiffs' claims based on manufacturing and design defect, and on negligence in design and manufacture will require a trial because sufficient evidence exists of genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). These material facts include: the effects of different temperatures on the characteristics of polyurethane foam material; the functioning of the overtemperature switch; the effects of higher temperatures on the freezer's condensor coils; and even the way each party's experts interpret the supporting literature.

Resolution of these factual disputes involves a weighing of expert testimony which should be addressed by a fact-finder at trial. Contrary to Maytag's contentions, the conclusions of Plaintiffs' expert and the testing upon which they are based are not so tenuous that a reasonable juror could not find for Plaintiffs.

**WHEREFORE**,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment Based Upon Insufficient Proof of Defect and Causation [#62-1], is hereby DENIED.

_____
UNITED STATES MAGISTRATE JUDGE